FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 MAR 17 AM 9:31

U.S. DISTRICT COURT
N.D. OF ALABAMA

FERRIS RITCHEY, JR.,                    }
                                        }
        Plaintiff,                      }
                                        }
v.                                      }        CASE NO. CV 96-B-1596-S
                                        }
LIBERTY NATIONAL LIFE                   }
INSURANCE COMPANY, et al.,              }
                                        }        ENTERED
        Defendants.                     }

                    MEMORANDUM OPINION                    MAR 1 7 1997

        This matter is before the court on plaintiff's Motion to Remand. Upon consideration of

the record, the submissions of the parties, the argument of counsel, and the relevant law, the

court is of the opinion that plaintiff's motion is due to be granted.

        It is axiomatic that "[a]ny civil case filed in state court may be removed by the

defendant to federal court if the case could have been brought originally in federal court."

*Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. §

1441(a)). "The key requirement for removal is that the claim be within the federal court's

*original*, not necessarily exclusive, jurisdiction." *Alexander by Alexander v. Goldome Credit

Corp.*, 772 F. Supp. 1217, 1220 (M.D. Ala. 1991).

        Here, it is undisputed that in 1978, Judge James H. Hancock directed entry of a final

judgment that "expressly addresses and defines the benefits and services to be provided under

Liberty National Burial Insurance Policies." (Pl.'s Mot. to Rem. at ¶ 5; Defs.' Not. of Rem.

at ¶ 4.) *See also Battle v. Liberty Nat'l Life Ins. Co.*, CV-70-H-752-S (N.D. Ala. Jan. 6,

1978). In the present case, plaintiff sued defendants alleging, inter alia, that "[o]n or about

September 20, 1995, a policy of insurance existed between the plaintiff's decedent, GLADYS

M. RITCHEY and the defendants, Liberty National and John Rideout's." (Compl. at 4).

Plaintiff further alleges that the terms and conditions of the policy "required payment of certain

benefits to plaintiff's decedent as interpreted and ordered by Battle v. Liberty National Life

Insurance Company." (*Id.*)

Defendants maintain that the court has jurisdiction of this action pursuant to the

retained jurisdiction in the final judgment in *Battle*, 28 U.S.C. §§ 2283, 1651(a), 1441, and

1331. In the final judgment entered in *Battle*, Judge Hancock stated:

> This Court retains jurisdiction of the subject matter and all parties
> hereto for the purpose of enabling any of the parties to this action
> to apply to the Court at any time for further orders and directions
> as may be necessary or appropriate for the construction or
> implementation of the terms of this Final Judgment.

*Battle*, CV-70-H-752-S, at ¶ XXXIII (N.D. Ala. Jan. 6, 1978). Plaintiff contends that he

does not seek nor desire any further orders regarding the construction or implementation of the

*Battle* final judgment, but, instead, relies on the terms of that judgment as the cornerstone of

his complaint. (Pl.'s Mot. to Rem. at 2-3). After reviewing plaintiff's complaint, the court is

of the opinion that plaintiff is merely attempting to enforce the *Battle* judgment, and does not

seek orders or directions for the construction or implementation of the terms of the final

judgment. While defendants argue that "there is a substantial likelihood that the proceedings in

an Alabama state court could result in a judgment that conflicts with the Battle Final

Judgment," (Defs.' Br. in Opp'n to Pl.'s Mot. to Rem. at 5), this court is confident that the

state court judge presiding over this matter is well aware that "[a] Constitution that requires

state courts to give full faith and credit to the judgments of other state courts could not

2

contemplate that state courts should be free to disregard the judgments of federal courts."

CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4468 at 649 (1981).

## CONCLUSION

Based upon the foregoing reasons, the court is of the opinion that plaintiff's Motion to Remand is due to be granted.  An Order granting plaintiff's motion shall be entered contemporaneously herewith.

**DONE** this 17th day of March, 1997.

Sharon Lovelace Blackburn

**SHARON LOVELACE BLACKBURN**
United States District Judge

**3**